HeNRY G. Smith, J.,
delivered tbe opinion of tbe Court.
• At tbe instance of tbe complainants, a provisional injunction was granted in this case by tbe Chancellor, restraining tbe collection of tbe tax set forth in tbe bill. Upon tbe coming in of tbe answer, another Chancellor at Chambers, on tbe application of tbe defendants, ordered tbe injunction to be dissolved. And now tbe complainants come and ask this court, in exercise of tbe power conferred by sec. 3933 of tbe Code, to supersede tbe Chancellor’s order of dissolution.
To understand tbe question which has been discussed, and tbe action of this court in the premises, tbe facts material to be stated, are these:
Tbe civil district Board of Education, of the 12th civil district of Montgomery County, by virtue of and in conformity with the 14th section of tbe 83d chap, of the Act of tbe General Assembly of Tennessee, enacted March 14th, 1868, assessed upon tbe taxable properties within tbe civil district, a tax of three mills upon tbe dollar, and fifty cents upon each poll, for tbe purpose of raising $5,700, to be applied to the buildings etc., of school bouses, for the use of tbe children of tbe civil district.
The tax collector was proceeding to enforce the collection of tbe tax; whereupon, tbe complainants, who are tax payers of tbe district, exhibited this bill against tbe Board of Education, and tbe several members of it, and *129 tbe tax collector of the county, and praying a provisional and perpetual injunction.
The complainants allege the 14th section of the Act, and the tax assessed pursuant to it, to be unconstitutional and void. And this is the question.
The 14th section of the Act of 1868, is as follows:—
“Sec. 14. Be it further enacted, That the sub-district directors, or the civil district directors, acting as sub-district directors, or in behalf of graded schools, as provided by law, are hereby authorized and empowered, as such, to assess such a tax on property and polls, as shall be necessary to pay teachers, or meet the incidental expenses of causing to be taught, the necessary schools as now required by law, five consecutive months each year; and should any further tax be then deemed necessary for the purpose of building, repairing or furnishing school houses, they shall estimate said amount, not to exceed three mills on a dollar, or fifty cents on each poll, and submit the question of ássessment to the legal voters of the district, first having posted notices of the same in three of the most public places in the district, previous to said election; and if the majority of the legal voters of the district, present at said meeting, shall vote for the assessment, it shall be assessed. In each case, the tax assessed shall be entered on a tax duplicate, by the County Court Clerk, and collected by the tax collectors, as provided by law in the case of other local taxes; and shall be disbursed by the County Superintendent, on the proper orders of said board, as already provided by law.”
The courts owe great respect to the legislative department of the government, and ought not to declare void, *130 a statute which has received the sanction of the legislature, unless it be clear that the statute is in conflict with the constitutional law. If such conflict clearly appear, the duty to so declare, cannot be properly omitted.
The question proposed, is not open in Tennessee. It was closed by the judgment of the Supreme Court, in 1830, and soon after, again, by Convention of 1834, which framed the present Constitution.
The Constitution, by sec. 3, of article 2, ordains, that, “The legislative authority of the State, shall be vested in a General Assembly, which shall consist of a Senate and House of Representatives, both dependant on the people.”
In the case of Marr vs. Enloe, decided in 1830, and reported in 1 Yerger’s Reports, 452, the question came before the Supreme Court; and it was there held, that the power of taxation is in its nature, legislative; and is incapable of delegation. So essentially legislative is the power held to be, that it can no more be delegated, than can be delegated the power to enact statutory laws.
This decision was made upon the Act of 1827, ch. 49, sec. 1, which enacts, “That the Court of Pleas and Quarter Sessions, in the several counties in this State, a majority of twenty-five of the acting justices being present, shall at the first court in each and every year, levy a tax to meet the current expenses of their county for the ensuing year, upon all polls and property subject to taxation.”
Upon the bench of the Supreme Court, when this decision was made, were Robert Whyte, Catron and Greene. The mention of their names, carries with it great authority. It may be said, with a truth which will receive the assent of .the enlightened lawyers of Tennessee, that *131 these men, as much and probably more than any other of the judges who have adorned the past history of the Supreme Court, laid the foundations of the jurisprudence of Tennessee, and gave to it the great measure it has, of consistency, solidity and truth.
Four years after the decision of Marr vs. Enloe, the Convention of 1834 was held. The decision was well known, and that the rule deduced by it, was the constitutional law of the State. The Convention had the power to abrogate the rule totally, or to subject it to partial modifications. It chose the latter; and authorized the Legislature to delegate the power of taxation to the counties and incorporated towns. This was done by the 29th section of the 2d article of the Constitution. The Convention did not mean to go farther. The implication is irresistible, that the expression of the authority to delegate the power to the counties and towns, is an absolute exclusion of authority to delegate the power to any other agency. It is impossible to doubt that the Convention designated the counties and incorporated towns, and authorized the power to be con ferred on them, for the reason that, without such designation, the power of taxation would be restricted to the Legislature only. The purpose of the 29th article was, to authorize the Legislature to confer the power of taxation on the counties and incorporated towns, and no other or further.
The rule declared in Marr vs. Enloe, and the interpretation herein given to the 29th section, have had the universal approval and sanction of the counts and the profession, from the beginning to the present time, with *132 little exception, and that of recent date. No principle of organic law is more firmly imbedded in the jurisprudence of Tennessee, and in the judicial and professional intelligence of the State, than the principle that the Legislature cannot delegate the taxing power, beyond the extent expressly designated by the Constitution. In accordance with it, has been the uniform action of the Legislature heretofore. Until the present instance, there has not been, in the legislative history of the State, any departure from it, known to this Court
It is conceded on all hands, that the civil districts of the counties, are not, in the sense of the Constitution, incorporated towns; and that the fact, that they are invested by the School Law, with some of the capacities of corporate bodies, does not make them incorporated towns. By no fair sense of the words, nor by any existing similitudes, nor by any possible construction of the Constitution, can the civil districts be held to be incorporated towns.
Were the question original and unsettled, much weight would be due to the persuasive and powerful arguments of the counsel for defendants, drawn from a comparison of the Constitutions of 1796 and 1834; and from the principle that the legislative power is universal and absolute, except where expressly, or by cogent implication, limited by constitutional restrictions; and from the duty injoined upon the Legislature, by the Constitution, to cherish and promote literature, science and common education. Much weight, also, would be owing to the adverse judicial opinions of the courts of the sister States of the Union. But the decision of *133 this court must be governed by the principles established by the law of Tennessee. Wisely or unwisely, and that is not for us to say, the constitutional law of Tennessee, is, that the taxing power is essentially legislative, and incapable of delegation to other than the counties and incorporated towns. And so we declare. And having no doubt that it is so, we bold, that the 14th section of chapter 83, of the Act of March 14th, 1868, and the tax assessed pursuant to it, by the Board of Education of the 12th civil district of Montgomery county, are unauthorized by the Constitution, and void.
The Chancellor’s order, dissolving the injunction, will be superseded and vacated; and the clerk of this Court will so certify to the Chancery Court at Clarks-ville.